1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                    SAN JOSE DIVISION

**United States District Court**
For the Northern District of California

| | |
|---|---|
| IN RE: | CASE NO. 5:12-cv-01962 EJD |
| ROSALIE AUBREE GUANCIONE, | (Finish Line Towing, Inc. v. Jacobsen (In re Rosalie Aubree Guancione), Bankr. N.D. Cal. (San Jose) Case No. 11-57646 ASW, Adv. No. 12-05024) |
|     Debtor. _____/ | |
| FINISH LINE TOWING, INC., | |
|     Plaintiff(s), | **ORDER DENYING DEBTOR'S MOTION TO WITHDRAW THE REFERENCE** |
|   v. | |
| MATT P. JACOBSEN, | [Docket Item No. 1] |
|     Defendant(s). _____/ | |

## I.  INTRODUCTION

Presently before the court is Debtor Rosalie Aubree Guancione's ("Debtor") motion to withdraw the bankruptcy reference pursuant to 28 U.S.C. § 157(d).  See Docket Item No. 1.  The court finds this matter suitable for decision without a hearing pursuant to Civil Local Rule 7-1(b). For the reasons detailed below, Debtor's motion will be denied.

## II.  DISCUSSION

Generally, district courts have original and exclusive jurisdiction over all bankruptcy matters, but may refer those actions arising under the bankruptcy statutes to a bankruptcy court.  See 28 U.S.C. § 1334; see also 28 U.S.C. § 157(a).

Debtor moves to withdraw the reference to bankruptcy court pursuant to the provisions of 28

1

U.S.C. § 157(d), which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Withdrawal of the bankruptcy reference can be mandatory or permissive. See 28 U.S.C. § 157(d). Based on the papers, it appears Debtor seeks to withdraw the reference under both the mandatory and permissive provisions. As the moving party, Debtor bears the burden of persuasion. Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc., 355 B.R. 214, 218 (D. Haw. 2006).

**A.      Mandatory Withdrawal**

As stated above, the district court is required to withdraw the reference only when resolution of the bankruptcy matter "requires consideration of both title 11 and *other laws of the United States regulating organizations or activities affecting interstate commerce*." 28 U.S.C. § 157(d) (emphasis added). In that regard, the debtor must show: "(1) that the adversary proceedings requires 'material consideration of non-bankruptcy federal law' and (2) that the non-bankruptcy federal law to be considered 'regulate[s] organizations or activities affecting interstate commerce." Olivas v. Diocese of San Diego Educ. & Welfare Corp. (In re The Roman Catholic Bishop of San Diego), No. 07cv1355-IEG(RBB), 2007 U.S. Dist. LEXIS 60954, at *4, 2007 WL 2406899 (S.D. Cal. Aug. 20, 2007).

"Material consideration" of other laws outside of bankruptcy has been defined as "interpretation, as opposed to mere application, of the non-title 11 law." Green v. FDIC (In re Tamalpais Bancorp, 451 B.R. 6, 8 (N.D. Cal. 2011). The reason for this is obvious. "[S]ending every proceeding that required 'consideration' of non-bankruptcy law back to the district court would 'eviscerate much of the work of the bankruptcy courts'." In re Vicars Ins. Agency, Inc., 96 F.3d 949, 952 (7th Cir. 1996).

Here, Debtor states that "this case involves both interstate commerce laws and laws outside of bankruptcy." Debtor also references a list of laws, both state and federal, which she believes justify withdrawal of the reference. The state-law references are not addressed because they fall

Case No. 5:11-cv-01962 EJD
ORDER DENYING DEBTOR'S MOTION TO WITHDRAW THE REFERENCE

United States District Court

For the Northern District of California

1    outside the scope of what can sustain a withdrawal of reference.  Moreover, a closer look at the

2    federal laws reveals that Debtor has not met her burden to show that any of these laws either affect

3    interstate commerce or require significant interpretation.

4         Debtor begins by stating the elements of a cause of action under 42 U.S.C. § 1983 and citing

5    <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978).  Despite these allusions, Debtor does not

6    meaningfully explain how § 1983 or <u>Monell</u> apply to her action.  Similarly, Debtor does not offer

7    anything to explain: (1) the comparison of motor vehicle travel to interstate commerce, (2) how

8    doing business with the Department of Motor Vehicles results in a violation of the right to contract

9    or the right to free association, or (3) why the federal wiretapping statute is implicated. Indeed, these

10   assertions are almost entirely incomprehensible.  Thus, they cannot support a withdrawal of the

11   reference.

12        Next, Debtor indicates that her Fourth Amendment rights were violated when her 2000

13   Cadillac STS - which she refers to as a "household good" rather than a vehicle - was removed by a

14   private towing company from where it was parked at the La Bella Vista Inn in Santa Clara,

15   California.  The Fourth Amendment protects "[t]he right of the people to be secure in their persons,

16   houses, papers, and effects against unreasonable searches and seizures."  U.S. Const. Amend. IV.

17   The Fourth Amendment applies "when *government* officers violate a person's 'reasonable

18   expectation of privacy.'"  <u>United States v. Jones</u>, 132 S.Ct. 945, 950 (2012) (emphasis added).

19   Considering Debtor has not alleged that anyone from the government outside of an unidentified

20   Santa Clara police officer participated in the Cadillac's towing, it is doubtful that the Fourth

21   Amendment actually applies here.  In any event, Debtor has not specified how interstate commence

22   is implicated or how interpretation rather than mere application of the amendment is involved.

23        Debtor also appears to also invoke the entirety Fifth Amendment, including the due process

24   clause, the prohibition against double jeopardy and the protection against takings without just

25   compensation.  Much like the Fourth Amendment, its relevance to this proceeding is not entirely

26   apparent and an issue of the amendment's interpretation unclear.  The same goes for the federal laws

27   which may apply to theft of mail box keys, theft of mail and theft of registered securities.

28        To the extent debtor raises issues concerning social security disability benefits, the right to

United States District Court

For the Northern District of California

1    jury trial under the Seventh Amendment, or immunity under the Eleventh Amendment, this court

2    adopts the reasoning of its colleague District Judge Edward M. Chen in finding these claims

3    insufficient to withdraw the reference.  See In re Rosalie Guancione, No. C-12-3910 EMC, 2012

4    U.S. Dist. LEXIS 133390, 2012 WL 4120243 (N.D. Cal. Sept. 18, 2012).

5          Because Debtor has not cited the application of an appropriate federal law, the court will

6    deny the motion to withdraw the reference under the mandatory provision of § 157(d).

7          **B.     Permissive Withdrawal**

8          When examining whether to withdraw the reference as a matter of discretion, "a district court

9    should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of

10   bankruptcy administration, the prevention of forum shopping, and other related factors."  Security

11   Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th

12   Cir. 1997).

13         As a preliminary question, the court should first consider whether the claim is a core or non-

14   core bankruptcy proceeding "since it is upon this issue that questions of efficiency and uniformity

15   will turn."  Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d

16   1095, 1101 (9th Cir. 1993).  This is because "hearing core matters in a district court could be an

17   inefficient allocation of judicial resources given that the bankruptcy court generally will be more

18   familiar with the facts and issues."  Id.

19         Congress enumerated a list of what can constitute a "core" proceeding in 28 U.S.C. §

20   157(b)(2). This list includes "matters concerning the administration of the estate," "allowance or

21   disallowance of claims against the estate or exemptions from property of the estate," "counterclaims

22   by the estate against persons filing claims against the estate," "orders to turn over property to the

23   estate," and "other proceedings affecting the liquidation of the assets of the estate or the adjustment

24   of the debtor-creditor or the equity security holder relationship."  28 U.S.C. § 157(b)(2)(A),

25   (b)(3)(B), (b)(2)(c) and (b)(2)(O).  Congress did not provide a similar list non-core proceedings.

26   "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another

27   court are considered 'non-core.'"  Security Farms, 124 F.3d at 1008.

28         From what can be discerned from Debtor's pleading, it is possible that this action could exist

4

United States District Court

For the Northern District of California

as an independent action outside of the bankruptcy laws; in fact, it appears that Debtor removed a small claims action from state to the bankruptcy court and has attempted to file some type of cross-action in response. However, the true purpose of Debtor's action is to challenge the seizure of the 2000 Cadillac STS. See Mot., Docket Item No. 1, at p. 10 ("The Cross Defendants, and each of their agents, officers, employees, and other representatives, colluded and conspired to perform either conversion or grand theft of Cross Complainant's household goods valued in excess of $1000, that are used with the expense of money derived from social security medical disability income and therefore exempt from levy under any circumstance by any creditor or other personage under the law."). That being the case, this action falls under one or all of the subsections of § 157(b) identified above. For this reason, the court concludes that this is a core proceeding.

That determination made, the court turns to the other factors relevant to permissive withdrawal. First, Debtor has not demonstrated that withdrawing the reference would be an efficient use of judicial resources, considering this is the type of core proceeding routinely addressed and resolved in bankruptcy court. Second, no delay or extra costs to the parties results from this action remaining in bankruptcy court since that court appears to be intimately familiar with this bankruptcy proceeding. Third, denying the request to withdraw the reference prevents any attempt at forum shopping. That possibility concerns the court here as this withdrawal motion followed a removal from state court.

Because all factors weigh against a district court forum at this time, Debtor's request for permissive withdrawal of the reference will be denied.

### III. ORDER

Based on the foregoing, Debtor's motion to withdraw the reference (Docket Item No. 1) is DENIED. The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 21, 2012



EDWARD J. DAVILA
United States District Judge

Case No. 5:11-cv-01962 EJD
ORDER DENYING DEBTOR'S MOTION TO WITHDRAW THE REFERENCE